## BUD WILLIAMS *v.* THE STATE.

1. THEFT — CONTINUANCE.— An application for a continuance to secure witnesses to prove the purchase of an animal alleged to have been stolen should show where the alleged purchase was made with more particularity than on "the west side of the T. river," and with more certainty as to time than "in the spring or summer of 1880."

2. SAME.— An application for continuance on account of absent witnesses is defective if it fails to show whether or not the subpœnas had been served, or whether diligence to secure service had been practiced; and is also defective if it does not show that they were issued by the proper authority.

3. SAME.— Since the Revised Statutes have gone into effect, the granting of even a first continuance is confided to the discretion of the trial court.

4. SAME — NEW TRIAL.— Unless it appears upon the trial that the desired evidence was of a material character, and that the facts set forth in the application were probably true, a new trial should not be granted on account of the refusal of a continuance. See the opinion for rulings of the court below, *held* correct under these rules.

APPEAL from the District Court of Dallas. Tried below before the Hon. G. N. ALDREDGE.

The appellant was indicted for theft of a horse in Dallas county, May 29, 1880, the property of W. T. Wilson. He was tried at the October term, 1880, of the District Court of Dallas county, found guilty by the jury, and his punishment assessed at ten years in the penitentiary.

The State proved the taking of the animal from the possession of the owner, in Navarro county, without his consent, and his subsequent discovery in the possession of defendant in Dallas, who sold and guaranteed the title to the purchaser. The opinion fully discloses the issue submitted on appeal.

No brief for the appellant has reached the hands of the reporters.

*Horace Chilton*, Assistant Attorney General, for the State.

WINKLER, J.    The defendant applied for a continuance, for want of the testimony of George Howell, John H. Johnson, and Green Moore, alleged to reside in Dallas county.    The testimony expected from these witnesses is set out in defendant's affidavit as follows: "That he expects to prove by each of said witnesses that they were present on the west side of the Trinity river and saw the defendant buy the horse that he is indicted for the theft of, some time in the spring or summer of 1880; that what he expects to prove by said witnesses is true."    The diligence or the want of diligence, employed in order to procure their attendance, is stated thus: "That he has been confined in the jail of Dallas county, without counsel, until this morning; that as soon as the court appointed him counsel he procured subpœnas to issue for said witnesses, and delivered them to Benjamin F. Jones, sheriff of Dallas county, on the 8th day of November, 1880."    The court refused the application, and the defendant took a bill of exceptions to the ruling.    The refusal of the application for a continuance is also made one of the grounds in a motion for a new trial.    The offense is charged to have been committed in Dallas county on May 29, 1880.

The application is evasive and indefinite.    The testimony which, it is said, is expected to be elicited from the witnesses, and which the defendant swears to be true, might be material or not, but the application should show where the alleged purchase was made with more particularity than that it was made "on the west side of the Trinity river," and with more certainty as to time than "some time in the spring or summer of 1880."    Again, the application does not show whether the subpœnas had been served or not, or that any further effort was made than to cause the subpœnas to be issued and placed in the hands of the sheriff; and even this is not verified by the production of the subpœnas.    For aught that appears to the contrary, the subpœnas mentioned may have been is-

sued by the mayor of the city or any other unauthorized official or individual, or even by a fellow-prisoner in the county jail, and that for this reason the sheriff paid no attention to them whatever.    Since the change made in previous laws by the Revised Codes, even a first application for a continuance is addressed to the sound discretion of the court to whom it is made; but, if the application be refused and the defendant be convicted, and it appears on the trial that the evidence of the witness or witnesses named in the application was, 1, of a material character, and, 2, that the facts set forth in the application were probably true, a new trial should be granted.    Code Crim. Proc. art. 560; *Reynolds* v. *The State*, 7 Texas Ct. App. 516; *Howard* v. *The State*, 8 Texas Ct. App. 53.

If, however, after the whole testimony has been heard, and if, on reviewing the testimony sought to be elicited from the absent witnesses, with reference to its probable bearing on the case, in connection with the other evidence, it should appear to the court either that the testimony was not material, or that it was not probably true, then a new trial on that account should be refused.

In considering the testimony set out in the application, in connection with the other testimony adduced on the trial, we are of opinion that there was sufficient grounds to believe that the statements of the defendant as to what he expected to prove by the absent witnesses were not probably true; and hence we conclude that there was no error in refusing the application for a continuance in the first instance, or in overruling the motion for a new trial. There is no other subject mentioned in the case which requires special notice, and finding no error, the judgment is affirmed.

*Affirmed.*